## IN THE CIRCUIT COURT OF SUNFLOWER COUNTY, MISSISSIPPI

WILLIAM BLACKMON                                                PLAINTIFF

VS.                                               CAUSE NO.: 2017-0081-S

LIBERTY NATIONAL LIFE
INSURANCE COMPANY,
SHANNON BROWN, DONALD
DAVIS, JACQUELINE SMITH
and JOHN DOES 1-20                                      DEFENDANTS



FILED
SEP 29 2017
CAROLYN P. HAMILTON
BY _____ D.C.

### AMENDED COMPLAINT

### (JURY TRIAL DEMANDED)

COMES NOW, the Plaintiff, William Blackmon, and files this Amended Complaint against the Defendants: Liberty National Life Insurance Company, Shannon Brown, Jacqueline Smith, Donald Davis and John Does 1-20. In support of his Complaint, the Plaintiff states the following:

### PARTIES

1. Plaintiff William Blackmon is an adult resident citizen of Sunflower County, Mississippi whose address is 703 Spruce Street, Moorhead, Mississippi 38761.

2. The Defendant, Liberty National Insurance Company, is a subsidiary of Torchmark Corporation, whose actions and inactions caused injury to the plaintiff, and which may be served with the process of this Court by serving its Chief Executive Officer (CEO), Roger Smith, at 3700 S. Stonebridge Drive. McKinney, TX 75070.

3. Defendant Shannon Brown is a former employee of the Defendant. Liberty National Insurance Company, whose actions caused injury to the plaintiff.

4. Defendant Donald Davis is a former employee of the Defendant. Liberty National



EXHIBIT "B"

Insurance Company, whose actions caused injury to the plaintiff.

5. Defendant Jacqueline Smith is a former employee of the Defendant. Liberty National Insurance Company, whose actions caused injury to the plaintiff.

6. Defendants John Does 1-20 are those other persons, firms, corporations or other entities whose wrongful conduct caused or contributed to the injuries and damages to the Plaintiff–all whose true and correct names are unknown to the Plaintiff at this time, but will be joined in this cause by amendment when ascertained.

## JURISDICTION

7. This Court has jurisdiction over both the subject matter and the parties as the Plaintiff waives any right to any federal claims and the Plaintiff is a resident of Sunflower County, Mississippi. Additionally, the Plaintiff were billed for the policies at issue at his home in Sunflower County, Mississippi so a part or portion of the acts complained of herein occurred in Sunflower County, Mississippi.

8. That, at all relevant times, the defendant, Liberty National Life Insurance Company, had, in its employment, local agents, who were acting within the course and scope of their employment with Liberty National Life Insurance Company, in furtherance of the company's business. As a result, Defendant Liberty National Life Insurance Company is liable for the negligent acts of its agents under the doctrine of *respondeat superior*.

## FACTS

9. On or about July 1, 2011, Plaintiff William Blackmon duly authorized the issuance of whole life insurance policies on the following persons with the following assigned policy numbers: Brodrick D. Green (#A7710359); Ty-Keria M. Green (#A7710360); Jonte T. Williams (#A7710361); and Deon Horsley (#A7710362).

10. On or about April 1, 2016, Plaintiff received "Final Notice" notifications in the mail for Policy Numbers 37709458; 37709459; A7752464, A7752462, and A7752463. These notifications were mailed to Plaintiff's street address, 703 Spruce Street, Moorhead, MS 38761 whereas all of Plaintiff's original policies were addressed to his post office box number and were on direct deposit.

11. On or about May 24, 2016, Plaintiff requested a refund of monies deducted from his account to pay for the unauthorized policies. Plaintiff did not receive a response and, as of this date, still has not received a response.

12. On or about April 1, 2017, after having an attorney to view his paperwork, Plaintiff Blackmon was advised that he had been wronged. Within the last year, the Plaintiff was unaware of the Defendant's wrongful conduct as alleged herein and could not have at any time earlier discovered Defendant's wrongful conduct, which included Defendant's affirmative and fraudulent concealment of its wrongful conduct and the facts relating thereto.

13. It is believed that Defendants made the deductions from Plaintiff's bank account, and that the Defendants did not explain or disclose this to the Plaintiff.

14. Plaintiff's account has been assigned a delinquent status and has been turned over to collections because he has failed to pay the balance on the unauthorized premiums.

## COUNT 1

### BREACH OF FIDUCIARY DUTIES

15. Plaintiff hereby adopt and incorporate by reference all preceding paragraphs.

16. Defendants had a duty to act in the best interests of Plaintiff, or at least not to act in a manner which was directly adverse to the interests of the Plaintiff.

17. Defendants further breached their fiduciary duties owed to Plaintiff by purporting to

charge Plaintiff on unauthorized policies.

18.     Defendants' breaches of their fiduciary duties caused Plaintiff to suffer damages in an amount to be determined at trial.

19.     As a direct and proximate result of Defendants' breach of their fiduciary duties to the Plaintiff, Plaintiff has been damaged in an amount to be proven at the trial.

20.     Additionally, by reason of the Defendants' outrageous conduct, Plaintiff is entitled to recover punitive damages.

## COUNT II

### BREACH OF IMPLIED COVENANTS OF GOOD FAITH AND FAIR DEALING

21.     Plaintiff hereby adopt and incorporate by reference all preceding paragraphs.

22.     In every contract, there are implied covenants of good faith and fair dealing. These implied covenants prevent one party from exercising judgement in such a manner as to evade the spirit of the transaction or to deny the other party the expected benefits of the contract.

23.     When Plaintiff entered into his agreement with Defendants for a life insurance policy, he reasonably believed that the Defendants would not abuse his authorization to them to use his bank account for any policy other than that which he authorized.

24.     However, the Defendants breached the implied covenants of good faith and fair dealing by evading the spirit of the transaction by misusing his authority to apply to other policies.

25.     Moreover, by engaging in the misleading and deceptive practices described herein, the Defendants have successfully taken advantage of the Plaintiff lack of knowledge and sophistication regarding insurance policies, etc.

26.     As a direct and proximate result of Defendants' breaches of the implied covenants of

good faith and fair dealing, Plaintiff has been damaged in an amount to be proven at the trial.

27. Defendants' misleading and deceptive practices thereby entitle the Plaintiff to the recovery of punitive damages.

## COUNT III

### FRAUD

28. Plaintiff hereby adopts and incorporates by reference all preceding paragraphs.

29. The Defendants misrepresented material facts to the Plaintiff, including the fact that he would only be charged for the policies which he authorized.

30. The Plaintiff relied on these material facts to his detriment which caused the Plaintiff to incur and suffer damages as set out herein.

31. The above fraudulent conduct of the Defendants directly or proximately caused the damages for which the Plaintiff is entitled to recover in an amount to be proven at trial.

32. Defendants' fraudulent conduct was willful, wanton and malicious, thereby subjecting the Defendants to the payment of punitive damages to the Plaintiff.

## COUNT IV

### CONSTRUCTIVE FRAUD

33. Plaintiff hereby adopts and incorporates by reference all preceding paragraphs.

34. The Defendants occupied a fiduciary and confidential relationship with the Plaintiff.

35. The Plaintiff was subordinate to the Defendants since he reposed his trust and confidence in the Defendants.

36. The Defendants controlled the relationship and dominated and influenced the Plaintiff through their superior position.

37. The Defendants fraudulently informed or failed to inform the Plaintiff of the perpetual

nature of the consumer transaction, intentionally misrepresented and/or failed to disclose material information relative to the insurance policies and the extent of the authorization provided by the Plaintiff.

38. Defendant Liberty National Life Insurance Company, either on its own or through its agent, employee or servant, with reckless disregard for the truth, made representations of material fact, including: that if Plaintiff authorized the issuance of one policy that the company could automatically and without his consent, issue an identical policy on the same insured.

39. The Defendant made false, misleading and deceptive representations to the Plaintiff and/or omitted to state material facts in connection with the obtaining of the policies at issue, including that the authorization was perpetual in nature.

40. Defendant financially benefitted from the unauthorized use of the Plaintiff's authorization and the issuance of additional unauthorized policies and the Defendants and/or its agent, employee or servant had a pecuniary interest in the Plaintiff being issued additional policies which he was charged.

41. The above tortious conduct of the Defendant directly or proximately caused damages to the Plaintiff, including emotional distress and mental anguish, for which the Plaintiff is entitled to recover, as set forth herein, in an amount to be proven at trial.

42. Defendant's fraudulent conduct was willful, wanton and malicious, in reckless disregard for the truth, thereby entitling Plaintiff to the recovery of punitive damages against the Defendant.

## COUNT V

### FRAUDULENT MISREPRESENTATION AND/OR OMISSION

43. Plaintiff hereby adopt and incorporate by reference all preceding paragraphs.

44. Defendants made the above- described and the following false, misleading and deceptive representations to Plaintiff and/or omitted to state material facts in connection with the obtaining of authorization from Plaintiff for the issuance of additional policies after the issuance of the initial policies.

45. The fraudulent misrepresentations, omissions and concealments by Defendants were known and deliberate and were purposely designed to deceive Plaintiff into believing that with the authorization provided by Plaintiff, Defendants would only issue the initial policies that were issued by Defendants, and that there was no need for Plaintiff to take any further action in order to prevent the issuance of further policies.

46. The misrepresentations, concealments and omissions by Defendants were material in that Plaintiff did not authorize the Defendants to issue the five unauthorized policies issued after July 2011 absent the deceptive and misleading statements and omissions of material facts by Defendants. Plaintiff reasonably believed that Defendants had accurately and adequately disclosed all material facts and acted in his best interests with respect to the issuance of policies.

47. As a direct and proximate result of Defendants' fraudulent misrepresentations, concealments and omissions, Plaintiff has been proximately damaged in an amount presently undetermined.

48. Defendants' fraudulent conduct was willful, wanton and malicious, thereby entitling Plaintiff to the recovery of punitive damages against Defendants.

## COUNT VI

### FRAUDULENT CONCEALMENT

49. Plaintiff adopts and incorporates herein by reference all preceding paragraphs.

50. The Defendants fraudulently concealed the wrongful conduct that is the basis of this

complaint and described in detail in the preceding paragraphs. As a result of the Defendants' fraudulent concealment, the Plaintiff failed to discover the facts forming the basis of his claims even though he exercised due diligence.

51. The Defendants, through various devices of misrepresentation and secrecy, affirmatively and fraudulently concealed the existence of their unlawful scheme and course of conduct from the Plaintiff. The Plaintiff had no knowledge of the Defendants' scheme and unlawful conduct or any of the facts which might have led to the discovery of the Defendants' wrongdoing until just before the filing of this Complaint.

52. In light of the foregoing, the applicable statute of limitations has been tolled by the acts of the Defendants and the Plaintiff' causes of action only accrued upon discovery with reasonable diligence of the Defendants' fraud.

## COUNT VII

### NEGLIGENCE

53. Plaintiff adopts and incorporates herein by reference all preceding paragraphs.

54. Defendants owed a duty to the Plaintiff to exercise reasonable care to ensure that Plaintiff received only the initial policies that were authorized in July of 2011, and that monies were deducted from his account for those initial policies that were issued only.

55. Defendants breached their duty of reasonable care to Plaintiff by unlawfully deducting money from Plaintiff's account for accounts that were unauthorized and unknown to Plaintiff.

56. As a direct and proximate result of the Defendants' breaches of the duty of reasonable care, Plaintiff has suffered damages in an amount to be proven at trial.

57. At all times relevant hereto, Defendants' conduct was intentional and/or outrageous and beyond the bounds of reasonableness, and was in reckless disregard for the welfare and

benefit of the Plaintiff. Accordingly, the Plaintiff is entitled to recover punitive damages from the Defendants.

## COUNT VIII

### NEGLIGENT MISREPRESENTATION

58.  Plaintiff hereby adopts and incorporates by reference all preceding paragraphs.

59.  The Defendant owed the above-referenced duties to the Plaintiff. The Defendants breached these duties by failing to inform the Plaintiff that his authorization for the issuance of the initial policies would be used to issue additional policies and for the deduction of monies from his account for the unauthorized additional accounts. The Defendant fraudulently concealed this fact.

60.  As a direct and proximate result of the Defendants' breach of this duty, the Plaintiff suffered damages.

## COUNT XIV

### UNCONSCIONABILITY

61.  Plaintiffs adopt and incorporate herein by reference each of the preceding paragraphs.

62.  The above-described conduct, acts, and omissions of the Defendants constitute unconscionable practices, individually and collectively, under the Mississippi Uniform Commercial Code.

63.  Defendants' unconscionable act and practices were the direct and proximate cause of damages to Plaintiff, and therefore, he is entitled to recover damages.

## COUNT XVI

### VIOLATION OF THE UNFAIR OR DECEPTIVE ACTS AND PRACTICES ACT

64.  Plaintiff adopts and incorporates herein by reference each of the preceding paragraphs.

65. The tortious actions of the Defendants described herein constitute a violation of the Mississippi Unfair or Deceptive Acts and Practices Act.

66. At the time of the acts and/or omissions identified herein, the Defendants were engaged in the conduct of "trade" or "commerce" as defined in said Act.

67. The conduct and/or false representations of the Defendants constitute "unfair or deceptive acts and practices" as defined by Mississippi Law; and the Defendants violated, individually and/or through their agency, employment or servitude relationship, the Mississippi Unfair or Deceptive Acts and Practice Act, and knew or should have known that their dealings with the Plaintiff were violative of said Act.

68. The conduct and/or representations of the Defendants further constitute an unconscionable trade practice as follows:

   (a) The Defendants have knowingly taken advantage of the inability of the Plaintiff to reasonably protect his interest because of ignorance or inability to understand the language of the policy and/or contract;

   (b) The Defendants knew at the time the consumer transactions were entered into that they would use Plaintiff's initial authorization for the issuance of subsequent policies that were unauthorized and unknown to the Plaintiff, and would deduct from his account for said unauthorized and unknown policies; and

   (c) The Defendants knowingly made a misleading statement of opinion on which they knew or should have known the Plaintiff would likely rely on to his detriment.

69. The Plaintiff has been damaged by the Defendants' violations of the Mississippi Unfair or Deceptive Acts and Practices Act as set forth herein, in an amount to be proven at trial.

70. Defendants' fraudulent conduct was willful, wanton and malicious, thereby

entitling Plaintiff to the recovery of punitive damages against the Defendants.

## COUNT XVII

### DAMAGES

71.     Plaintiff hereby adopt and incorporate by reference all preceding paragraphs.

72.     As to all Counts herein above, and as a proximate cause of Defendants' wrongful conduct, Plaintiff has suffered economic losses, damage to his credit and credit reputation, emotional distress, physical pain and suffering, and other damages. As to all counts herein above, Plaintiff requests all actual, compensatory, and statutory damages.

73.     The wrongful acts of the Defendants were characterized by such outrageous conduct, aggravation, willfulness, wantonness, malice, gross negligence, recklessness, oppression, insult, or gross fraud as to entitle Plaintiff to punitive damages.

74.     The acts, omissions and other conduct of Defendants alleged herein were deliberate, willful, wanton and malicious and/or were reckless and were made with complete disregard for the welfare of the Plaintiff. Under the circumstances, the Defendants' conduct was so outrageous as to shock the consciousness.

75.     By reason of the outrageous, willful and wanton conduct of Defendants as alleged herein, Plaintiff is entitled to recover punitive damages in an amount sufficient to punish and deter the Defendants and others similarly situated from committing the same wrongful acts. Plaintiff thus request punitive damages as to all Counts herein above.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands Judgment in his favor and against the Defendants as follows:

    (a)     for actual, statutory, and compensatory damages of $250,000.00;

(b)    for punitive damages in the amount of $1,000,000.00;

(c)    for cost of suit;

(d)    for reasonable attorneys's fee;

(e)    for pre-judgment and post- judgment interest; and

(f)    for such other and further reliefs as the Court deems just and proper under the circumstances.

This the 29th day of September 2017.

Respectfully submitted,
WILLIAM BLACKMON, Plaintiff

By:

*Lydia R. Blackmon*

LYDIA ROBERTA BLACKMON
Attorney and Counselor at Law
MSB #8650
P. O. Box 2146
Natchez, MS 39121-2146
(662) 834-0068
(855) 604-7220–Fax
ATTORNEY FOR PLAINTIFF